# IN THE COURT OF APPEALS OF IOWA

No. 21-1956
Filed April 13, 2022

IN THE INTEREST OF A.A. and D.A.,
   Minor Children,

V.P., Mother,
   Appellant.
_____


Appeal from the Iowa District Court for Polk County, Lynn C.H. Poschner, District Associate Judge.


A mother appeals the termination of her parental rights to two of her children. **AFFIRMED.**


Kaitlyn C. DiMaria  of DiMaria Law, PLLC, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Natalie Deerr, Assistant Attorney General, for appellee State.

Jeremy Evans, Des Moines, guardian ad litem for minor children.


Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to two of her children, born in 2011 and 2012.[1] She contends (1) the department of human services failed to "provide[] appropriate or meaningful reasonable efforts to reunify her with her children" and (2) termination was not in the children's best interests.

## I.     *Reasonable Efforts*

The department is obligated to make reasonable efforts to reunify parent and child. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The requirement is an element of the grounds for termination cited by the district court. *See id.* at 492 (stating a challenge to the sufficiency of the evidence supporting the reasonableness of the department's efforts to achieve reunification implicated the element of certain termination provisions requiring the provision of services); *see also* Iowa Code § 232.116(1)(d)(2) (2021) ("Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services."), (g)(3) ("There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation."). The department also has an obligation "to independently 'exercise due diligence' in identifying and notifying relatives" of a child-in-need-of-assistance action. *In re R.B.*, 832 N.W.2d 375, 381 (Iowa Ct. App. 2013) (quoting Iowa Code § 232.84(2)).

---

[1] The mother's parental rights to four other children were separately terminated.

The mother argues the department violated its reasonable-efforts mandate by failing to notify the Consulate of Mexico of a family member related to these children's father, who showed prior "interest in the children."[2]  She correctly cites two district court orders requiring notification.  In the first, the court referenced the mother's request for "contact with the Mexican consulate regarding concurrent planning for [the children] with a [p]aternal uncle."  The court ordered the department to "contact the Mexican consulate for concurrent planning provided that [the mother] provides information for [the children's] paternal uncle."  In the second, the court again cited the mother's request to have the department "contact the Mexican consulate for concurrent planning purposes."  The court ordered the department to "contact the Mexican consulate as previously ordered."

The record on whether the department complied with these orders is less than clear.  Department reports refer to contacts with the consulate but not in connection with paternal family members of these children.  The department social worker overseeing the case testified, "I know there was a letter sent out to the consulate, but I'm not sure who's—if it was regarding [these children] or the previous four kids."  She continued, "I remember having a conversation with [the mother] about contacting the Mexican consulate.  I remember asking her for places and family members and phone numbers that I could reach out to, but I never got that information."  Without that information, she testified she "wouldn't know where

---

[2] The mother does not cite the relative-notification requirement of Iowa Code section 232.84(2).  But her argument implicates that provision as well as the reasonable-efforts mandate.  *See In re G.W.*, No. 19-0515, 2019 WL 2372920, at *3 (Iowa Ct. App. June 5, 2019) (addressing the relative-notification issue within the context of a reasonable-efforts analysis).

to . . . have them send the information over to or the relatives' specific names." An employee who worked on the case shortly after it was opened testified she "had conversations" about sending a letter to the consulate but "never got any information from [the mother] in order to send that information to the consulate." On our de novo review, we surmise a letter was not sent to the Mexican consulate in the child-in-need-of-assistance action underlying this appeal.

At the same time, the department took affirmative steps to identify relatives. The agency sent the parents "relative worksheets" to be completed and returned and, when they were not returned, the department expressed an intent to resend them. There is no indication the parents responded to the second mailing. There is also no indication the children's father, who might have shed light on his relative in Mexico, had any contact with the department; he moved out of state and failed to provide an address.

The mother asserts the department could have searched records from earlier child-in-need-of-assistance proceedings to glean the name of the relative. But the only records admitted in this case relate to child-in-need-of-assistance proceedings begun in 2019, and the mother does not point us to any portion of those records containing a name or contact information for the paternal relative.

We conclude the department exercised reasonable diligence in attempting to identify the relative for purposes of sending a notification. *Cf. R.B.*, 832 N.W.2d at 381 ("It was incumbent upon the department . . . . The department was not taken off the hook by the father's failure to identify the mother as a potential placement option."). We further conclude the department satisfied its reasonable-efforts mandate, and the State proved "the parents were offered or received

services to correct the circumstance which led to the adjudication" and "[t]here is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation." Iowa Code § 232.116(1)(d)(2), (g)(3).[3]

## II.     *Best Interests*

The State must prove termination was in the children's best interests. *See id.* § 232.116(2). The mother contends the district court "blatant[ly] disregard[ed]" the opinions of her long-time therapist who "repeatedly stated" it was not in the children's best interests "to be without their Mother."

The district court provided a detailed summary of reasons for giving less credence to the therapist's testimony than to other witnesses. No useful purpose would be served by repeating those reasons here. Suffice it to say that we give weight to the court's adverse credibility finding. *See In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021).

The court also provided a detailed recitation of the facts weighing in favor of termination, including the children's removal from the mother in 2019 based on her decision to leave the children home alone in the middle of the night, a subsequent reunification, and another removal after four months, again based on her decision to compromise the safety of one of the children. Those fact findings are fully supported by the record. On our de novo review, we agree with the district

---

[3] The mother does not challenge the evidence supporting the remaining elements of Iowa Code section 232.116(1)(d) or (g).

court that termination of the mother's parental rights to these children was in the children's best interests.

**AFFIRMED.**